## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ERIC D. SIMS,**

        **Plaintiff,**

    v.                             **CASE NO. 20-3146-SAC**

**JEFFREY ZMUDA, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Eric D. Sims, a state prisoner being held at the Baker Re-Entry Center in Sanderson, Florida, pursuant to agreement with the Kansas Department of Corrections (KDOC), brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Mr. Sims filed his original Complaint (ECF No. 1) on May 26, 2020. He then filed an Amended Complaint (ECF No. 7) on June 22, 2020. As the Amended Complaint supersedes the original complaint, the Court considers it only. The Amended Complaint alleges Plaintiff was subjected to a transfer out of state in retaliation for filing a complaint with the Kansas State Board of Healing Arts against a doctor who treated him while he was housed at the Norton Correctional Facility. He claims this violated his rights under the First Amendment to the U.S. Constitution.

Plaintiff further alleges he was forced to authorize the destruction of some of his personal property as a result of the transfer, in violation of his rights under the Fourteenth Amendment.

Plaintiff names four defendants: Jeffrey Zmuda, Secretary of the Kansas Department of Corrections; Johnnie Goddard, former Deputy Secretary of Facility Management for the KDOC; Elizabeth Rice, Director of Communications for the KDOC; and Douglas Burris, Interstate Corrections Compact Administrator for the KDOC.  Defendants Zmuda and Burris are sued in their official capacities, and Defendants Rice, Goddard, and Burris are sued in their individual capacities.  Plaintiff seeks unspecified prospective relief from Defendants Zmuda and Burris, as well as punitive, nominal, and declaratory relief from Defendants Goddard, Rice, and Burris.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

### A.  Statute of Limitations

Plaintiff's Complaint is subject to dismissal because it is untimely.  The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008).  The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted).  In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

It plainly appears from the face of the Complaint that Count I is subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his complaint on May 26, 2020.  Plaintiff's claim accrued when he was transferred to Florida on May 20, 2018, more than two years prior to the filing date of this Complaint. *See Ajaj v. Roal*, No. 14-CV-01245-JPG, 2020 WL 3428023, at *4 (S.D. Ill. June 23, 2020); *Allen v. Peal*, No. CV 312-007, 2012 WL 2872638,

at *2 (S.D. Ga. June 18, 2012), *report and recommendation adopted,* No. CV 312-007, 2012 WL 2872642 (S.D. Ga. July 12, 2012); *Simmons v. Lafler*, No. 1:14-CV-1242, 2015 WL 1757075, at *3 (W.D. Mich. Apr. 17, 2015). Consequently, unless tolling applies, Plaintiff's claim is untimely.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007). Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released). K.S.A. 60–515(a). However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a). Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something that Mr. Cribbs has not claimed. *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay

bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)).  The record fails to support a claim that Defendant affirmatively induced Plaintiff into delaying his filing of this suit.

In addition, at least one Kansas appellate court has applied the equitable tolling standard for habeas cases in the context of a § 1983 action.  *See McClain*, 2013 WL 3970215 at *3.  That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing.  *McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)).  Plaintiff does not demonstrate any extraordinary circumstance that would entitle him to equitable tolling of the limitation period.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Fogle,* 435 F.3d at 1258.  Because Plaintiff did not file his claim within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling the limitation period, Plaintiff's Complaint is subject to dismissal as barred by the statute of limitations.

### B.  Retaliatory Transfer

The Court also finds that the facts alleged by Plaintiff, taken as true, fail to state a claim of a federal constitutional violation.  Plaintiff alleges his First Amendment rights were violated when he was transferred to Florida.  He claims he was transferred in retaliation for filing a complaint with the Kansas State Board of Health Arts against a doctor who treated him at Norton Correctional Facility, Dr. Joe Barnes.

"[I]nmates may be transferred from one prison to another for any constitutionally permissible reason, or for no reason at all."  *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (citing *see Olim v. Wakinekona,* 461 U.S. 238, 245–46, 248 n. 9 (1983)). The Tenth Circuit has

said that a prisoner has no constitutional right to remain in a particular institution but that "prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." *Frazier v. Dubois*, 922 F.2d 560, 561–62 (10th Cir. 1990) (quoting *Murphy v. Missouri Dept. of Correction,* 769 F.2d 502, 503 (8th Cir. 1985)).  To establish a First Amendment retaliation claim, a plaintiff must show that "(1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Nielander v. Bd. of County Com'rs of County of Republic, Kan.,* 582 F.3d 1155, 1165 (10th Cir. 2009).

Plaintiff's Complaint arguably identifies a constitutionally protected activity in which he engaged (filing a licensure complaint against a doctor) and arguably describes a responsive action that could "chill a person of ordinary firmness from continuing to engage in that activity" (transfer to an out-of-state prison).  Where the Complaint falls short is in addressing the third element of a retaliation claim.  Plaintiff's Complaint and more than 300 pages of attachments fail to show the Defendants' actions were "substantially motivated as a response to his constitutionally protected conduct." *See id.*

To show substantial motivation, Plaintiff needs to allege "specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"—i.e., the plaintiff must prove that "but for" the retaliatory motive, the adverse response would not have taken place.  *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) (citations omitted).  A plaintiff may be able to establish that a defendant's actions were substantially motivated by protected activity where the allegations show 1) the defendant was aware of his protected activity, 2) the protected activity

complained of the defendant's actions, and 3) the alleged retaliatory act "was in close temporal proximity to the protected activity." *Sawyer v. Howard*, No. 19-3171-SAC, 2019 WL 6217910, at *6 (D. Kan. Nov. 21, 2019), *aff'd*, 813 F. App'x 345 (10th Cir. 2020) (citing *Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012)).

The Complaint and attachments do not show Plaintiff's transfer was substantially motivated by his licensure complaint against Dr. Barnes. It is clear that Defendants were aware of the protected activity (the licensure complaint). However, the protected activity did not involve allegations against any defendant. Moreover, Plaintiff made his complaint about Dr. Barnes in June of 2017. This was almost a full year before he was transferred to Florida. The long gap between the licensure complaint and Plaintiff's transfer does not support a finding that the transfer was substantially motivated by the licensure complaint.

Plaintiff points to a written declaration made by Defendant Goddard, filed in a previous case before this Court and attached by Plaintiff to his Complaint, as evidence that his complaint about Dr. Barnes substantially motivated the transfer. *See* Declaration of Johnnie Goddard, ECF No. 1-1, at 17-18. Defendant Goddard stated that he requested Plaintiff be transferred out of state because Norton Correctional Facility could not treat Plaintiff, Plaintiff had issues with Corizon, and Plaintiff had a history of manipulating KDOC staff. This is reiterated in the letter KDOC sent to the Florida Department of Corrections, where the reasons for transfer were that Plaintiff had compromised KDOC staff and volunteers, had filed a licensure complaint against a Corizon doctor and now the prison doctors would not treat him, had misled state legislators, and had threatened private industry owners. *See* Letter of Douglas Burris, ECF No. 1-1, at 20. Plaintiff alleges the defendants made the transfer sound like a "feigned attempt to obtain adequate healthcare for Plaintiff" (ECF No. 6, at 7), but it seems to the Court that the reason was not feigned: if the Corizon

doctors were refusing to treat Plaintiff, it was impossible for Defendants to provide him with adequate healthcare within the Kansas prison system.

The "but for" test in a retaliatory transfer case is dealing with motive, not causation. The fact that a protected activity *caused* the transfer does not necessarily mean the decision to transfer was *motivated* by the protected activity. *See Sisneros*, 95 F.3d at 752. Here, the fact that Plaintiff filed a licensure complaint against Dr. Barnes ultimately resulted in Corizon doctors refusing to treat him, which in turn resulted in his transfer out of state. Therefore, the licensure complaint was a "but for" cause of the transfer. But, Plaintiff has not shown the transfer was *motivated* by his filing the licensure complaint. From the Amended Complaint and attachments, it appears the transfer was motivated by a need to ensure Plaintiff received adequate medical care.

Plaintiff also argues interstate transfers of prisoners out of Kansas are rare and perhaps unprecedented as a response to an inmate filing a complaint regarding his medical care. He attaches a list purporting to be all lawsuits filed by prisoners alleged inadequate medical care and argues none resulted in the plaintiff/prisoner being transferred out of state. Contrary to Plaintiff's interpretation, this would seem to indicate that the defendants here must have had other reasons for the transfer rather than the fact that Plaintiff complained about his medical care.

The Court finds that Plaintiff has thus failed to state facts sufficient to support a plausible claim of retaliatory transfer. Plaintiff is given time to show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

### C. Property Claim

Even if Plaintiff's claims regarding his property were not barred by the statute of limitations, they would fail to state a due process violation. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will

arise only if there is no such procedure or it is inadequate.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy.  *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).  Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.  Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his property claims should not be dismissed for failure to state a claim.

## IV.  Response Required

For the reasons stated herein, it appears that Plaintiff's Amended Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **February 26, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 29th day of January, 2021, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**