IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC D. SIMS,

Plaintiff,

v.                                                          CASE NO. 20-3146-SAC

JEFFREY ZMUDA, et al.,

Defendants.

MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, ECF No. 11) ("MOSC"). Before the Court is Plaintiff's response to the MOSC (ECF No. 12).

The MOSC found that the Complaint was subject to dismissal as barred by the statute of limitations. Plaintiff filed his Complaint on May 26, 2020. Plaintiff's claim accrued when he was transferred to Florida on May 20, 2018, more than two years prior to the filing date of this Complaint. *See Ajaj v. Roal*, No. 14-CV-01245-JPG, 2020 WL 3428023, at *4 (S.D. Ill. June 23, 2020); *Allen v. Peal*, No. CV 312-007, 2012 WL 2872638, at *2 (S.D. Ga. June 18, 2012), *report and recommendation adopted,* No. CV 312-007, 2012 WL 2872642 (S.D. Ga. July 12, 2012); *Simmons v. Lafler*, No. 1:14-CV-1242, 2015 WL 1757075, at *3 (W.D. Mich. Apr. 17, 2015). The MOSC further found no basis for tolling the statute of limitations.

In his response to the MOSC, Plaintiff argues that the mailbox rule should apply. The prison mailbox rule provides that a pro se prisoner's legal filings will be considered timely if given to prison officials for mailing prior to the filing deadline. *Price v. Philpot*, 420 F.3d 1158, 1163-

1

64 (10th Cir. 2005).  He states that he placed his Complaint in the hands of corrections officials on May 19, 2020, as indicated by the date stamp on the certificate of service.  The Court agrees with Plaintiff and finds the Complaint was timely filed.

Next, the MOSC found that Plaintiff failed to state facts sufficient to support a plausible claim of retaliatory transfer.  The facts cited by Plaintiff did not demonstrate that his transfer to a prison in Florida was "substantially motivated as a response to his constitutionally protected conduct."  *See Nielander v. Bd. of County Com'rs of County of Republic, Kan.,* 582 F.3d 1155, 1165 (10th Cir. 2009).

Plaintiff's response to the MOSC repeats the arguments and allegations included in the Complaint and attachments without offering any additional support for his claim.  He relies heavily on Defendants Goddard and Burris's statements about the transfer.  However, while those statements mention issues with Corizon and the licensure complaint, they also state that the transfer was requested because Plaintiff had a *history of manipulating KDOC staff*, because Plaintiff had *compromised KDOC staff and volunteers*, because Plaintiff had misled state legislators, and because Plaintiff had threatened private industry owners.  *See* Declaration of Johnnie Goddard, ECF No. 1-1, at 17-18; Letter of Douglas Burris, ECF No. 1-1, at 20.  These are all constitutionally permissible reasons for transferring Plaintiff and are given equal weight in Defendants' statements, negating Plaintiff's claim that the licensure complaint "substantially motivated" the decision to transfer him to Florida.  Furthermore, the Court takes judicial notice of the fact that this is Plaintiff's second attempt to bring a civil rights claim based on his transfer to Florida.  Initially, he alleged that his transfer was substantially motivated by demands he made related to the exercise of his religion.  *See Heritage Family Church, Inc. v. Kansas Department of Corrections*, No. 18-CV-1259 (D. Kan.).  Plaintiff's retaliatory transfer claim was dismissed for lack of exhaustion, but

the fact that Plaintiff was previously convinced there was a completely different motivation for his transfer calls into question his claim here.  Moreover, Plaintiff still does not explain why his filing of a single licensure complaint against a Corizon doctor would result in his transfer out of state almost a year later when, as Plaintiff again points out, thousands of inmates have filed lawsuits and complaints over the medical care they have received in Kansas prisons and *not* been transferred out of state.

"[I]t is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Whitehead v. Mgmt. & Training Corp.*, 524 F. Supp. 3d 1155, 1191 (D.N.M. 2021).  A prisoner is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison" (such as the possibility of being transferred to an out of state prison) "merely because he has engaged in protected activity."  *Id.*  "Confinement in another State . . . is 'within the normal limits or range of custody which the conviction has authorized the State to impose.'"  *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  The Court continues to find that Plaintiff has failed to state facts sufficient to raise a right to relief on his claim of retaliatory transfer above a speculative level or state a claim for relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Last, the MOSC found Plaintiff failed to state a constitutional claim for deprivation of his property in connection with his transfer.  Plaintiff responds that he was not attempting to bring a Due Process claim, but rather this was another manifestation of the retaliatory intent that resulted in his transfer.  The Court therefore finds that this claim fails for the same reason Plaintiff's retaliatory transfer claim fails: the facts cited by Plaintiff do not demonstrate that the deprivation

of property was "substantially motivated as a response to his constitutionally protected conduct."

*See Nielander,* 582 F.3d at 1165.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to

state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 13th day of December, 2021, at Topeka, Kansas.**


**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**

4